**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4721**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERMELINDO VELASQUEZ-RIVERA, a/k/a Ramon Efrain-Castro, a/k/a Hermelindo Castro,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:13-cr-00102-D-1)

Submitted: July 24, 2014            Decided: August 13, 2014

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hermelindo Velasquez-Rivera pleaded guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). During sentencing, the district court heard allocution from a person who was not a victim of Velasquez-Rivera's federal conviction, but was a purported victim of related criminal conduct listed in the pre-sentence report. Velasquez-Rivera contends the court abused its discretion because the person was not a victim as defined under 18 U.S.C. § 3771(e) (2012). We conclude there was no error and affirm.

Under 18 U.S.C. § 3661 (2012), at sentencing "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Under § 3661, the sentencing court has the discretion to "conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come." Pepper v. United States, 131 S. Ct. 1229, 1240 (2011) (internal quotation marks omitted). The court "has always been free to consider the wide range of relevant material." Payne v. Tennessee, 501 U.S. 808, 820-21 (1991). We have noted that § 3661 permits the sentencing court to consider

2

information "not directly related to [the defendant's] commission of the offense[.]" <u>United States v. Kiulin</u>, 360 F.3d 456, 462 (4th Cir. 2004).

In this instance, the statement at issue did not affect the district court's determination of the range of imprisonment under the Sentencing Guidelines. Nor did it affect the actual sentence, because the court stated that it was not relying upon the statement in reaching an appropriate sentence, but was relying instead upon the statutory sentencing factors listed under 18 U.S.C. § 3553 (2012).

Because there was no abuse of discretion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>